COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
C.A. NO.

STEPHEN PATTERSON and WOBURN )
FIRE FIGHTERS ASSOCIATION, )
LOCAL 971, I.A.F.F., )
     Plaintiffs, )
  )
  )
v. )
  )
PAUL TORTOLANO, CHIEF OF THE CITY OF )
WOBURN FIRE DEPARTMENT and CITY OF )
WOBURN, )
     Defendants. )

## COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED

### INTRODUCTION.

1.    This is an action pursuant to M.G.L. c. 41, §100 and 111F, 42 U.S.C. §1983, and M.G.L. c. 12, §11I, challenging Defendant City of Woburn's and Defendant Fire Chief Paul Tortolano's termination of injured on duty benefits to the plaintiff Stephen Patterson.  Mr. Patterson seeks injunctive and compensatory relief including but not limited to attorney's fees.

### PARTIES

2.    The Plaintiff, Stephen Patterson ("Mr. Patterson"), is a duly appointed firefighter for the City of Woburn and a resident of Woburn, Massachusetts.

3.    The Plaintiff, Woburn Fire Fighters Association, Local 971, I.A.F.F., is the collective bargaining representative for a unit of fire fighters employed by the City, including Plaintiff Stephen Patterson.

4.    The Defendant, City of Woburn ("City") is a duly incorporated municipality within the state of Massachusetts and is subject to the provisions of M.G.L. c. 41, §§100 and 111F relating to injured firefighters and police officers.

5.    The Defendant, Paul Tortolano, is the Chief of the City's Fire Department.

## FACTS

6.    In 1983, while on a medical call, Mr. Patterson sustained an injury to his back. Thereafter, Mr. Patterson received injured on duty benefits pursuant to Chapter 41, §111F for approximately two weeks and then returned to work.

7.    Mr. Patterson's has suffered reinjuries to his back in subsequent years, including in 1986, when he was working during a four-alarm fire at a school. As a result, Mr. Patterson has been required to take injury leave and he has received injured on duty benefits pursuant to M.G.L. c. 41, §111F.

8.    During these years, Mr. Patterson has tried various treatments and medications to alleviate his back pain, to varying degrees of success.

9.    On a number of these occasions, Mr. Patterson has been cleared by his treating physician or an independent medical examiner to return to work on limited duty.

10.    The City and the Union are parties to a collective bargaining agreement ("Agreement") that provides for firefighters to return from injury leave and perform limited duty. Pursuant to the procedure set forth in the Agreement, once a fire fighter is cleared by a physician to return to work on limited duty, the Fire Department can then

assign him/her to limited duty. Limited duty consists of tasks assigned by the City, including but not limited to: dispatching, fire prevention inspections, education, training and/or administrative tasks. All assigned tasks must be within the physical capabilities of the employee.

11.    On each of the occasions when Mr. Patterson was cleared to return to limited duty, and prior to returning to work and performing this limited duty, Mr. Patterson was contacted by the fire chief, either by telephone and/or by letter, and notified of his expected date of return and his specific assignment.

12.    In or about April, 2003, Mr. Patterson's back pain increased to the point where he was unable to perform his work and, thereafter, he went on injury leave from April, 2003 until July, 2004. In February, 2004, he underwent a operation on his back – a fusion and decompression of his discs at L-5-S1. During this time he received injured on duty benefits pursuant to §111F.

13.    On June 7, 2004, Mr. Patterson's treating physician determined that Mr. Patterson could return to work on limited duty in data entry in July, 2004 and a physician's note with this information was provided to Defendants on or about that same date.

14.    One month later, on July 7, 2004, Mr. Patterson received a letter from Chief Tortolano stating that Mr. Patterson should return to work on July 12, 2004 and report to duty as a dispatcher.

15.    Shortly thereafter, Mr. Patterson spoke to Chief Tortolano and they agreed that Mr. Patterson should return to duty and perform data entry rather than dispatching, which his doctor had not cleared him to perform.

16.    Mr. Patterson returned to work on July 12, 2004 and worked until August 18, 2004, when his back pain increased and he was unable to work.

17.    Thereafter, Mr. Patterson left work on August 18, 2004 and received injury leave benefits under §111F.

18.    On September 10, 2004, Mr. Patterson was examined by his treating physician, who determined that Mr. Patterson could return to work on light duty, with the restrictions of no lifting, bending or prolonged sitting or standing. A medical note with these restrictions was provided to Defendants.

19.    Based on the past practice, the collective bargaining agreement, and Mr. Patterson's own prior experience, he then waited for Chief Tortolano to contact him as to when he should return to work and his limited duty assignment.

20.    However, neither Chief Tortolano nor anyone else from the Fire Department ever contacted Mr. Patterson to assign him to a limited duty assignment and notify him as to when he should return.

21.    On September 30, 2004, Mr. Patterson received a letter from Chief Tortolano alleging that he had been on an unauthorized absence from work since September 10, 2004. Chief Tortolano's letter further stated that Mr. Patterson had permanently separated himself from employment because Mr. Patterson had allegedly failed to report to duty for over fourteen days. Chief Tortolano's letter further stated that Mr. Patterson could request a hearing before the Appointing Authority to determine if there was any basis for the restoring his employment with the Fire Department and granting him a leave of absence from the Fire Department.

22.    Contrary to Chief Tortolano's letter, Mr. Patterson had not been on an authorized absence from work since September 10, 2004. Rather, because Chief Tortolano had never contacted Mr. Patterson to return to work, as was the past practice within the Fire Department, Mr. Patterson continued on his injury leave under §111F.

23.    Accordingly, on October 5, 2004, Mr. Patterson requested in writing a hearing before the Appointing Authority.

24.    On October 7, 2004, Mr. Patterson did not receive his regular weekly paycheck and determined that the City had ended his compensation and terminated him. As such, Defendants' ended Mr. Patterson's §111F benefits and terminated him without first affording him a due process hearing to challenge the cut off of his statutory benefits and the termination of his employment. Therefore he is without income until the instant dispute is resolved.

25.    On October 14, 2004, Mr. Patterson and the Union filed a grievance pursuant to the collective bargaining agreement contesting Defendants' termination of his §111F benefits, the City's failure to offer him a limited duty assignment and his unjust termination. Article 12 of the collective bargaining agreement provides for final and binding arbitration of disputes.

26.    Mr. Patterson is continuing to receive treatment for his back injury and pain, including twice-weekly physical therapy, pain medication, and regular visits to his treating physician.

27.    The resolution of this dispute through the grievance and arbitration process will take at least one year without the City's agreement to expedite the process.

28. Representatives of the City have told Mr. Patterson's treating physician that the City will stop paying medical bills incurred by Mr. Patterson for his work related injury.

29. In addition, Mr. Patterson is responsible for providing his wife with health insurance, which he currently provides through the City's health insurance plan. Mr. Patterson will know be required to pay the full premium, rather than the , if the City is allowed to end his §111F benefits.

30. Defendants' termination of Mr. Patterson's §111F benefits and employment and their failure to allow him to resume work on limited duty means that Mr. Patterson is without income to support himself or pay for health insurance for himself and his wife. As such, Defendants' actions threaten him with serious and irreparable harm to his health.

31. Defendants' termination of injured on duty benefits and refusal to permit Mr. Patterson to return to work on limited duty leaves Mr. Patterson without any regular income or health insurance and thereby threatens his ability to obtain the basic necessities for living and continue necessary treatment for his back injury.

32. Plaintiffs are likely to succeed on their claims that Defendants have violated M.G.L. c. 41 §§ 100 and 111F, 42 U.S.C. §1983, M.G.L. c. 12, §11I, and the collective bargaining agreement.

## COUNT I

33. Defendants' conduct in terminating Plaintiff's entitlement to injured on duty benefits violates the provisions of M.G.L. c. 41, §111F.

## COUNT II

34.   Defendants' conduct in stopping payment of medical bills reasonable incurred by Plaintiff and related to his work related injury constitutes a violation of M.G.L. c. 41, §100.

## COUNT III

35   The conduct of Defendants in unilaterally terminating Plaintiff's statutory injured on duty benefits and terminating his employment without conducting any pretermination hearing or opportunity to be heard violates Plaintiff's right to due process of law under the 14th Amendment of the United States Constitution.

36.   This claim is asserted pursuant to 42 U.S.C. §1983, and attorneys fees are requested pursuant to 42 U.S.C. §1988.

## COUNT IV

37.   Defendants' conduct in terminating Plaintiff's statutory injured on duty benefits and terminating his employment without providing Plaintiff with a hearing or opportunity to be heard violates the due process clauses of the Massachusetts and United States Constitutions.  This claim is asserted pursuant to the Massachusetts Civil Rights Act, M.G.L. c. 12, 11I and attorneys' fees are requested thereunder.

WHEREFORE, Plaintiffs request this Court to issue the following relief:

1.   Grant preliminary and permanent injunctive relief requiring Defendants to restore Plaintiff Stephen Patterson's injured on duty benefits to him retroactive to the date of their termination or, alternatively, pending expedited arbitration and resolution of the grievance under the collective bargaining agreement.

2.      In the alternative, grant preliminary and permanent injunctive relief requiring Defendants to permit Plaintiff Stephen Patterson to return to work on limited duty and perform work within his physical capabilities as determined by his treating physician pending expedited arbitration and resolution of the grievance under the collective bargaining agreement.

3.      To award Plaintiff Stephen Patterson injured on duty benefits from the date such benefits were terminated to the present and continuing.

4.      To order Defendants to pay all medical bills reasonably incurred by Plaintiff Stephen Patterson for his work related injury pursuant to M.G.L. c. 41, §100.

5.      To order Defendants to restore Plaintiff Stephen Patterson's injured on duty benefits retroactive to the date of their termination pending a hearing and decision pursuant to Plaintiff's due process claim.

6.      To order Defendants to pay Plaintiffs damages for the violation of Plaintiff Stephen Patterson's due process rights, and to order Defendants to pay Plaintiffs' counsel reasonable attorneys fees and costs for the prosecution of this action pursuant to the Massachusetts Civil Rights Act and 42 U.S.C. §1988.

STEPHEN PATTERSON and WOBURN
FIRE FIGHTERS ASSOCIATION,
LOCAL 971, I.A.F.F.,
By their attorneys,

Dated: 10/18, 2004

Terence E. Coles, BBO #600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT DEPT.
                                                 C.A. NO.

STEPHEN PATTERSON and WOBURN          )
FIRE FIGHTERS ASSOCIATION,            )
LOCAL 971, I.A.F.F.,                  )
        Plaintiffs,                   )
                                      )
                                      )
v.                                    )
                                      )
PAUL TORTOLANO, CHIEF OF THE CITY OF  )
WOBURN FIRE DEPARTMENT and CITY OF    )
WOBURN,                               )
        Defendants.                   )
                                      )

## PLAINTIFFS' MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiffs, by their attorneys, hereby move this Honorable Court for preliminary injunctive relief pursuant to Rule 65 of the Massachusetts Rules of Civil Procedure. In support of this motion, Plaintiffs state as follows:

1.      As set forth in the memorandum of law, affidavits and exhibits submitted herewith, Plaintiffs have brought an action pursuant to M.G.L. c. 41, §100 and 111F, 42 U.S.C. §1983, and M.G.L. c. 12, §11I, challenging Defendant City of Woburn's and Defendant Fire Chief Paul Tortolano's termination of injured on duty benefits to the plaintiff Stephen Patterson. In addition, Defendants have terminated these benefits and terminated Mr. Patterson's employment without conducting any pretermination hearing or opportunity to be heard in violation of Mr. Patterson's right to due process of law under the 14th Amendment of the United States Constitution.

2.    Defendants' termination of Mr. Patterson's §111F benefits and employment and their failure to allow him to resume work on limited duty means that Mr. Patterson is without income to support himself or pay for health insurance for himself and his wife. As such, Defendants' actions threaten him with serious and irreparable harm to his health.

3.    Defendants' termination of injured on duty benefits and refusal to permit Mr. Patterson to return to work on limited duty leaves Mr. Patterson without any regular income or health insurance and thereby threatens his ability to obtain the basic necessities for living and continue necessary treatment for his back injury.

4.    Plaintiffs are likely to succeed on their claims that Defendants have violated M.G.L. c. 41 §§ 100 and 111F, 42 U.S.C. §1983, M.G.L. c. 12, §11I, and the collective bargaining agreement.

WHEREFORE, Plaintiffs request this Court to issue the following preliminary and permanent injunctive relief:

1.    Grant preliminary and permanent injunctive relief requiring Defendants to restore Plaintiff Stephen Patterson's injured on duty benefits to him retroactive to the date of their termination or, alternatively, pending expedited arbitration and resolution of the grievance under the collective bargaining agreement.

2.    In the alternative, grant preliminary and permanent injunctive relief requiring Defendants to permit Plaintiff Stephen Patterson to return to work on limited duty and perform work within his physical capabilities as determined by his treating physician pending expedited arbitration and resolution of the grievance under the collective bargaining agreement.

2

3.      To award Plaintiff Stephen Patterson injured on duty benefits from the date such benefits were terminated to the present and continuing.

4.      To order Defendants to pay all medical bills reasonably incurred by Plaintiff Stephen Patterson for his work related injury pursuant to M.G.L. c. 41, §100.

5.      To order Defendants to restore Plaintiff Stephen Patterson's injured on duty benefits retroactive to the date of their termination pending a hearing and decision pursuant to Plaintiff's due process claim.

Respectfully submitted,

STEPHEN PATTERSON and WOBURN
FIRE FIGHTERS ASSOCIATION,
LOCAL 971, I.A.F.F.,
By their attorneys,

Dated: _____, 2004

Terence E. Coles, BBO #600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

3

## CERTIFICATE OF SERVICE

This is to certify that on October 18, 2004, a copy of the foregoing document was served by facsimile and overnight delivery upon:

Nicholas Anastasopoulos, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608

Terence E. Coles, Esq.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPT.
                                        C.A. NO.

```
                              )
STEPHEN PATTERSON and WOBURN  )
FIRE FIGHTERS ASSOCIATION,    )
LOCAL 971, I.A.F.F.,          )
        Plaintiffs,           )
                              )
v.                            )
                              )
PAUL TORTOLANO, CHIEF OF THE CITY OF )
WOBURN FIRE DEPARTMENT and CITY OF   )
WOBURN,                       )
        Defendants.           )
```

## PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUCTION LONGER THAN 20 PAGES

Pursuant to Superior Court Rule 9A, Plaintiffs move this Court for leave to submit Plaintiffs' Memorandum of Law In Support Of Motion For Preliminary Injunctive Relief which exceeds 20 pages (26 pages). Plaintiffs' memorandum in support of their motion raises multiple grounds why Defendants' conduct has violated Plaintiffs' statutory, constitutional and collective bargaining agreement rights. Plaintiffs believe that the information contained in their memorandum is necessary to explain the reasons why preliminary injunctive relief should be granted.

Respectfully submitted,

STEPHEN PATTERSON and WOBURN
FIRE FIGHTERS ASSOCIATION,
LOCAL 971, I.A.F.F.,
By their attorneys,

Dated: _10|18_, 2004

Terence E. Coles, BBO #600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

This is to certify that on October 18, 2004, a copy of the foregoing document was served by facsimile and overnight delivery upon:

Nicholas Anastasopoulos, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608

Terance E. Coles, Esq.

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET# MICV2004-04127

Stephen Patterson, Woburn Fire Fighters Association, Local 971, IAFF, Plaintiff(s)
vs.
Chief Paul Tortolano, City of Woburn, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendants:

You are hereby summoned and required to serve upon **Terence E Coles, Esquire,** plaintiff's attorney, whose address is **Pyle Rome Lichten & Ehrenberg 18 Tremont StreetSuite 500  Boston, MA 02108,** an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Middlesex County Superior Court, in Cambridge on **10/20/2004, at 02:00 PM in Rm 11B (Cambridge),** at which time you may appear and show cause why such application should not be granted.

**Witness, Suzanne V. DelVecchio,** Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 18th day of October, 2004.

*Edword J Sulleven*

..............................................................................................

Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### CIVIL DOCKET# MICV2004-04127-B

RE:   Patterson et al v Tortolano et al

TO:Terence E Coles, Esquire
    Pyle Rome Lichten & Ehrenberg
    18 Tremont Street
    Suite 500
    Boston, MA 02108

### TRACKING ORDER - F TRACK

        You are hereby notified that this case is on the **fast (F) track** as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described
below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 01/16/2005 |
| Response to the complaint filed (also see MRCP 12) | 03/17/2005 |
| All motions under MRCP 12, 19, and 20 filed | 03/17/2005 |
| All motions under MRCP 15 filed | 03/17/2005 |
| All discovery requests and depositions completed | 08/14/2005 |
| All motions under MRCP 56 served and heard | 09/13/2005 |
| Final pre-trial conference held and firm trial date set | 10/13/2005 |
| Case disposed | 12/12/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**
This case is assigned to session B sitting in Rm 11B (Cambridge) at Middlesex
Superior Court.

Dated: 10/18/2004

                                                    Edward J. Sullivan
                                                    Clerk of the Courts

                                                    BY: William Smith
                                                    Assistant Clerk

Location: Rm 11B (Cambridge)
Telephone: 617-494-4010 EXT 4294

        Disabled individuals who need handicap accommodations should contact the Administrative Office of the
                                        Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc

avdtrad_2.wpd 2630806 Inidoc01 mccannp

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
C.A. NO.

```
                                    )
STEPHEN PATTERSON and WOBURN        )
FIRE FIGHTERS ASSOCIATION,          )
LOCAL 971, I.A.F.F.,                )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
PAUL TORTOLANO, CHIEF OF THE CITY OF)
WOBURN FIRE DEPARTMENT and CITY OF  )
WOBURN,                             )
        Defendants.                 )
                                    )
```

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

I.    **INTRODUCTION**

Plaintiff, Stephen Patterson, is a firefighter for the Defendant City of Woburn ("City"). Because of a severe back injury which he suffered in the line of duty, Mr. Patterson has been unable to return to his position as a firefighter since August 18, 2004. Patterson brings this motion for preliminary injunctive relief because the City of Woburn and Defendant Paul Tortolano, the Chief the City's Fire Department have unlawfully discontinued Patterson's injury leave benefits in violation of M.G.L. c. 41, §111F. In addition, Defendants have denied him a due process hearing to challenge the cut off of his statutory benefits and the termination of his employment, in violation of M.G.L. c. 41, §111F, the collective bargaining agreement between the City and Plaintiff Woburn Fire Fighters Association, Local 971, I.A.F.F. (the "Union"), and Mr. Patterson's right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983. In addition, Defendants have refused to allow Mr.

Patterson the right to return to limited duty, as provided under the collective bargaining agreement. Accordingly, a preliminary injunction is necessary to restore the status quo, and to prevent Defendants from cutting off all source of income to Mr. Patterson, until this matter can be expeditiously resolved through a due process hearing or arbitration. Without such preliminary injunctive relief, Plaintiff is without funds to support himself and his family, and will be unable to obtain the necessary physical therapy to alleviate his back injury and pain.

As set forth below, preliminary injunctive relief is necessary because Defendants have refused to provide Mr. Patterson with a due process hearing to challenge the cut-off of his statutory benefits and his termination. Further, Defendants are contesting Mr. Patterson's right to pursue this matter to arbitration under the collective bargaining agreement. Further, Defendants are denying Mr. Patterson the right to return to limited duty, despite the fact that his treating physician has cleared him to do so. Because Mr. Patterson will suffer irreparable harm if a status quo injunction is not granted, and because it is clear that the City has acted unlawfully, and because the public interest will be served by the granting of injunctive relief, this Court should grant appropriate injunctive relief requiring Defendants to restore Mr. Patterson's §111F benefits pending a due process hearing and the immediate submission of this matter to arbitration.

## II.    FACTS

1.    Plaintiff Stephen Patterson has been employed by the Defendant City of Woburn ("City") since 1975, when he began work as a full-time provisional fire fighter. He became a permanent reserve fire fighter for the City in September of 1979. He was appointed as a full-time permanent fire fighter in February of 1980. He has been assigned to the position of Fire

Alarm Supervisor since 1993. Exhibit A, Affidavit of Stephen Patterson, dated October 15, 2004 ("Patterson Aff."), ¶1.

2.      In 1983, in the course of performing his duties as a fire fighter for the City,[1] Mr. Patterson injured his back and was out of work for approximately two weeks in 1983. During this period Patterson received injury leave benefits from the City pursuant to M.G.L. c. 41, §111F. Ex. A, Patterson Aff., ¶4.

3.      Mr. Patterson is a member of the Woburn Fire Fighters Association, Local 971, IAFF (the "Union"), which represents all of the fire fighters employed by the City.

4.      The Union and the City are parties to a collective bargaining agreement which provides in Article 3, Section 3 for a "Limited Duty Policy and Procedure." Exhibit B, Affidavit of David Peary, dated October 15, 2004 ("Peary Aff."), ¶¶3-4, Exhibit 1. This Limited Duty Policy and Procedure provides a procedure through which employees on §111F injury leave and unable to perform full fire fighting duty, can return to work under limited duty. Under this procedure, the City has the right to assign firefighter to the appropriate limited duty tasks and work schedule. Thus, Article 3, Section 3 of the parties' Agreement provides:

**Section -3- Limited Duty Policy and Procedure**

> The intent of this policy is to provide a procedure and mechanism for employees who, although unable to perform full fire fighting duty, are capable of performing meaningful duties within the Woburn Fire Department; assigning them appropriate tasks and work schedules; . . . The purpose is to give the City the right to assign employees who have been injured on duty . . .

> (c)      Limited duty shall consist of tasks assigned by the City, including but not limited to: dispatching, fire prevention inspections, education, training and/or administrative tasks. All assigned tasks shall be within the physical capabilities of the employee.

See, Ex. B, Peary Aff., ¶4, Ex. 1.

---

[1] Patterson injured his back while on a medical call when he was transporting an injured person out of a building to an ambulance. Ex. A, Patterson Aff., ¶4.