UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN PATTERSON and WOBURN FIRE FIGHTERS ASSOCIATION, LOCAL 971, I.A.F.F., Plaintiffs<br><br>V.<br><br>PAUL TORTOLANO, CHIEF OF THE CITY OF WOBURN FIRE DEPARTMENT and CITY OF WOBURN, Defendants | CIVIL ACTION NO. 04-CV-12190 JLT |

## ANSWER AND JURY DEMAND

Now comes the defendants and answer the allegations in the plaintiff's Complaint (Compensatory and Injunctive Relief Requested) as follows:

### INTRODUCTION

1.  The defendants deny the factual allegations in this paragraph and deny that the plaintiffs are entitled to the relief sought.

### PARTIES

2.  The defendants admit that the plaintiff, Stephen Patterson, was a duly appointed firefighter for the City of Woburn until he abandoned his position in September 2004 and was restored to duty effective November 1, 2004. The defendants admit that Mr. Patterson is a resident of Woburn.

3.  The defendants admit the allegations in this paragraph.

4.  The defendants admit the allegations in this paragraph.

5.  The defendants admit the allegations in this paragraph.

## FACTS

6. The defendants admit the allegations in this paragraph.

7. The defendants admit the allegations in this paragraph.

8. The defendants admit that Mr. Patterson has received various treatments and medications in connection with his back injury. The defendants are without knowledge or information sufficient to respond to the efficacy of each treatment or mediation used by Mr. Patterson.

9. The defendants admit the allegations in this paragraph.

10. The defendants admit that the City of Woburn and Woburn Fire Fighters Association, Local 971, I.A.F.F. (the "Union") have entered a Collective Bargaining Agreement that addresses firefighters light duty obligations. The defendants deny that the plaintiffs have completely described the terms of such provisions.

11. The defendants deny the allegations in this paragraph.

12. The defendants are without information sufficient to respond to Mr. Patterson's allegations of pain he alleges he sustained. The defendants admit that Mr. Patterson was on injury on duty leave from April 2003 into July 2004 and admit that he underwent an operation in February 2004. Otherwise, the defendants deny the remaining allegations in this paragraph.

13. The defendants admit the allegations in this paragraph.

14. The defendants admit the allegations in this paragraph.

15. The defendants deny that the plaintiffs have fully or accurately described the communications between Mr. Patterson and Chief Tortolano at or about this time. The defendants admit that Mr. Patterson returned to duty in a data entry position.

16. The defendants admit that Mr. Patterson returned to work on July 12, 2004 but deny the remaining allegations in this paragraph.

17. The defendants admit that Mr. Patterson was placed on injury on duty leave as of August 18, 2004 but deny the remaining allegations in this paragraph.

18. Upon information and belief Mr. Patterson was examined by his treating physician on or about September 9, 2004. The defendants admit that they were first provided a medical note from the plaintiff's physician regarding this examination on October 18, 2004.

19. The defendants deny the allegations in this paragraph.

20. The defendants deny that Mr. Patterson did not have a light duty assignment as of September 10, 2004. Answering further, the defendants state that Mr. Patterson knew or should have known of his obligation to report to duty and/or communicate his condition to the defendants but failed to do so. The defendants deny that there was any obligation to remind or otherwise inform Mr. Patterson of his responsibilities.

21. The defendants admit that the plaintiffs have correctly described portions of a letter dated September 30, 2004 addressed to Mr. Patterson from Chief Tortolano.

22. The defendants deny the allegations in this paragraph.

23. The defendants admit the allegations in this paragraph.

24. The defendants admit that Mr. Patterson did not receive a paycheck on or about October 7, 2004 but deny the remaining allegations in this paragraph.

25. The defendants admit that the Union filed a grievance on behalf of Mr. Patterson. The defendants deny that the plaintiffs have fully or accurately described that grievance or the contents of the Collective Bargaining Agreement at issue.

26. Upon information and belief, the defendants admit the allegations in this paragraph.

27. The defendants deny the allegations in this paragraph.

28. The defendants deny the allegations in this paragraph.

29. The defendants are without information sufficient to respond to the allegations in this paragraph.

30. The defendants deny that they terminated Mr. Patterson's employment or Section 111F benefits or failed to restore him to light duty when Mr. Patterson's own conduct resulted in job abandonment pursuant to M.G.L. c. 31, §38 and forfeiture of Section 111F benefits. The defendants deny that any act of theirs has threatened Mr. Patterson with serious or irreparable harm. The defendants are without knowledge or information sufficient to respond to the impact Mr. Patterson's acts or omissions have had or will have on his financial condition.

31. The defendants deny that they terminated Mr. Patterson's employment or Section 111F benefits or failed to restore him to light duty when Mr. Patterson's own conduct resulted in job abandonment pursuant to M.G.L. c. 31, §38 and forfeiture of Section 111F benefits. The defendants deny that any act of theirs has subjected Mr. Patterson to serious or irreparable harm. The defendants are without knowledge or information sufficient to respond to the impact Mr. Patterson's acts or omissions have had or will have on his financial condition. Answering further, the defendants deny that they have ceased or refused to pay any authorized medical charges related to any on-duty injury sustained by Mr. Patterson.

32. The defendants deny the allegations in this paragraph.

## COUNT I [M.G.L. c. 41, §111F]

33. The defendants deny the allegations in this paragraph.[1]

## COUNT II [M.G.L. c. 41, §100]

34. The defendants deny the allegations in this paragraph.

## COUNT III [42 U.S.C. §§1983, 1988]

35. The defendants deny that they terminated Mr. Patterson's employment or injury on duty benefits, that Mr. Patterson was entitled to a "pretermination" hearing under the circumstances of this case or that he was denied any notice or opportunity to be heard to which he may have been entitled. The defendants deny any remaining allegations in this paragraph.

36. The defendants deny that the plaintiffs have stated a cause of action upon which relief can be granted and deny that they are entitled to the relief sought.

## COUNT IV [M.G.L. c. 12, 11I]

37. The defendants deny that they terminated Mr. Patterson's employment or injury on duty benefits, or that he was denied any notice or opportunity to be heard to which he may have been entitled. The defendants deny any remaining allegations in this paragraph. The defendants deny that the plaintiffs have stated a cause of action upon which relief can be granted and deny that they are entitled to the relief sought.

## PRAYER FOR RELIEF

The defendants deny that the plaintiffs are entitled to the relief sought.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff Woburn Fire Fighters Association Local 971, I.A.F.F. lacks standing to appear as a party plaintiff in this matter.

---

[1] Paragraphs 33 through 37 make reference to "Plaintiff's" rights and benefits without specifying which plaintiff is being referenced. As the Union lacks standing to bring any claim in this Complaint, responses are made to the allegations as though "Plaintiff" were identified as Mr. Patterson.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs have failed to exhaust administrative and contractual remedies.

## THIRD AFFIRMATIVE DEFENSE

Mr. Patterson's conduct constituted job abandonment pursuant to M.G.L. c. 31, §38.

## FOURTH AFFIRMATIVE DEFENSE

Mr. Patterson forfeited his claim to M.G.L. c. 41, §111F benefits as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Patterson has received and continues to receive all benefits pursuant to M.G.L. c. 41, §100 to which he is entitled.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Patterson has received all notice and opportunity to be heard to which he is entitled by law.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiffs' claims and demands for relief are barred due to the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to state claims upon which relief can be granted.

## JURY DEMAND

The defendants demand a jury trial on all counts of the plaintiffs' Complaint for which such a trial is available.

WHEREFORE, the defendants request that the plaintiffs' Complaint be dismissed with prejudice and with award of the defendants' costs and attorneys fees.

Respectfully submitted,

PAUL TORTOLANO, CHIEF OF THE
CITY OF WOBURN FIRE DEPARTMENT
and CITY OF WOBURN

By its counsel,

_____
Michael D. Badger, Esq.
BBO #633915
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: November 8, 2004

## CERTIFICATE OF SERVICE

I, Michael D. Badger, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Terence Coles, Esq., Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA 02108.

_____
Michael D. Badger, Esq.

Dated: November 8, 2004