Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN PATTERSON and WOBURN FIRE FIGHTERS ASSOCIATION, LOCAL 971, I.A.F.F., <br>     Plaintiffs <br><br> V. <br><br> PAUL TORTOLANO, CHIEF OF THE CITY OF WOBURN FIRE DEPARTMENT and CITY OF WOBURN, <br>     Defendants | CIVIL ACTION NO. 04-CV-12190 JLT |

### AFFIDAVIT OF PAUL TORTOLANO

I, Paul Tortolano, being duly sworn, do hereby depose and state:

1. I am the Chief of the City of Woburn Fire Department. I have held this position since January 1998.

2. The City of Woburn employs approximately sixty-seven (67) firefighters deployed over five (5) stations throughout the City. The Department also employs three (3) additional non-firefighting staff, including fire prevention staff.

3. The City has entered into a Collective Bargaining Agreement with the firefighters of the City of Woburn. A copy of that Agreement is attached to the defendants' Opposition to the Plaintiffs' Motion for Preliminary and Permanent Injunctive Relief (Defendants' Opposition) as Exhibit 3.

4. As part of the City's Collective Bargaining Agreement, the City has agreed to provide light duty positions for individuals who have been injured on or off duty but are able to

{H:\PA\Lit\19210\00017\A0742525.DOC}

perform modified duty responsibilities. These light duty positions include dispatcher duties and data entry duties.

5. It is my practice and is contractually required that when an employee needs to be reassigned either to or from light duty or to a new assignment that involves a change of station or assignment to a new group, that I will provide the Department with written notice of such transfer within any required time period. However, when a firefighter takes vacation, sick leave or other leave and will be returning to his prior duty, it is not my practice to send that officer a new notice requiring them to return to their prior duty.

6. Mr. Patterson has required frequent leave for an injury on duty he sustained in 1983. He has also required injury on duty leave for other injuries he sustained some years later.

7. Most recently, Mr. Patterson has complained of an aggravation to his preexisting injuries and was placed on leave beginning in April 2003. He remained on leave until July of 2004. In June of 2004, our records indicate that the City received notice that he was able to return to a light duty position as of July 2004. A copy of that notice is attached to the Defendants' Opposition as Exhibit 4. I notified Mr. Patterson that he would be assigned to a light duty position upon his return to duty in July 2004. A copy of that notice is attached to the Defendants' Opposition as Exhibit 5. I sent a description of Mr. Patterson's assignment to him on July 13, 2004. A copy of that description is attached to the Defendants' Opposition as Exhibit 6.

8. Mr. Patterson returned to duty in July 2004 and worked as a data entry specialist for several weeks. He then took vacation leave beginning August 2, 2004. Several days later, Mr. Patterson began taking sick leave. On or about August 16, 2004, Mr. Patterson submitted a request that his time off since August 2, 2004 be considered injury-on-duty leave. This request

for retroactive leave was rejected, as it was not confirmed by medical documentation, but Mr. Patterson was placed on injury-on-duty status as of August 18, 2004.

9. I had no further communication from Firefighter Patterson and did not see him again until October 18, 2004.

10. Mr. Patterson at no point informed me or, to the best of my knowledge, any of my staff or other administrators in the City of Woburn that he had been cleared by his physician to return to light duty as of September 10, 2004.

11. When I learned that Mr. Patterson had been cleared for light duty and had failed to return to work as of September 30, 2004, I notified Mr. Patterson in writing that he was considered to have abandoned his position pursuant to Massachusetts General Laws, Chapter 31, §38. A copy of the September 30, 2004 letter of notification to Mr. Patterson is attached to the Defendants' Opposition as Exhibit 8.

12. On or about October 7, 2004, I received a request from Mr. Patterson for a hearing pursuant to G.L. c. 31, §38. A copy of this request is attached to the Defendants' Opposition as Exhibit 9.

13. The City of Woburn ceased Mr. Patterson's salary payments as of September 23, 2004. On October 7, 2004, I received a grievance submitted on behalf of Mr. Patterson by his Union concerning his salary being stopped. A copy of this grievance is attached to the Defendants' Opposition as Exhibit 10.

14. The City has responded to this grievance and denied it. A copy of the City's response is attached to the Defendants' Opposition as Exhibit 11.

15. On October 18, 2004, in my capacity as Appointing Authority for the Fire Department, I attended the hearing held at Mr. Patterson's request pursuant to G.L. c. 31, §38. The Appointing Authority has not rendered its decision at this time.

Signed under the pains and penalties of perjury, this 25th day of October, 2004.

_____
PAUL TORTOLANO, CHIEF OF CITY OF
WOBURN FIRE DEPARTMENT