UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 CV 12190 JLT

STEPHEN PATTERSON AND WOBURN FIRE            )
FIGHTERS ASSOCIATION, LOCAL 971, I.A.F.F.,   )
       Plaintiffs,  )
VS.                                          )
                                )
PAUL TORTOLANO, CHIEF OF THE CITY            )
OF WOBURN FIRE DEPARTMENT AND                )
CITY OF WOBURN,                              )
       Defendants.  )

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

The defendants, Paul Tortolano, Chief of the City of Woburn Fire Department, and City of Woburn, submit this memorandum of law in response to the plaintiffs' opposition to their cross-motion for summary judgment.

They submit this response to reiterate that, in the only remaining count of the complaint, Count III, the plaintiffs allege that the defendants "unilaterally terminat[ed] Plaintiff's statutory injured on duty benefits and terminat[ed] his employment without conducting any pretermination hearing or opportunity to be heard" and violated plaintiff's rights to due process of law under the 14th Amendment. While he complains he was improperly denied "his compensation and/or injury leave benefits from September 25, 2004 until his reinstatement in November 1, 2004," Opposition, p. 1, the question at issue is whether, in the circumstances here, there occurred a violation of a right to due process under the Constitution. As discussed in their earlier memorandum and below, the defendants did not violate the plaintiffs' right to due process in any respect and the plaintiffs are thus not entitled to summary judgment in their favor on

liability. Rather, it is the defendants who are entitled to summary judgment in their favor.

### A. To the Extent so Entitled, Mr. Patterson Was Provided Adequate Process in Connection with the Termination Of Benefits Under M.G.L. c. 41, § 111F.

Paring the matter down to its nub, the defendants did not violate any due process rights in the cessation of the § 111F benefits. Mr. Patterson's own doctor cleared him for return to light duty effective September 9, 2004. Mr. Patterson was already assigned to a light duty post. Even though he was undisputedly was aware he was no longer incapacitated for purposes of § 111F benefits, he made no effort or attempt to return to that post, or explain his continued absence to the Department, or otherwise contact the department, but instead continued to accept the § 111F benefits well past the September 9th date. Ultimately, those benefits were terminated on or about September 25, 2004. Mr. Patterson claims he was entitled a pretermination hearing with regard to the cessation of the same – even though he undisputedly was cleared for light duty and thus no longer incapacitated within the meaning of the statute.

As set out in their earlier memorandum of law, the defendants submit that (1) Mr. Patterson cannot be said to have had a property interest in such benefits past September 9th and thus was not entitled to due process of law prior to their termination and (2) in any event, to the extent he was even so entitled, the requirements of due process were satisfied here. As to the latter, due process permits a limited, pre-termination hearing such as that provided here where post-deprivation procedures are available. Moody v. Town of Weymouth, 805 F.2d 30, 32 (1st Cir. 1986). The plaintiffs do not challenge the grievance procedures available under the collective bargaining agreement and there is no evidence to indicate that these procedures were insufficient for due process purposes. Indeed, they were not.

Thus, defendants did not violate any due process rights in the cessation of the § 111F benefits. The plaintiffs thus are not entitled to a summary judgment on this claim. Rather, again, it is the defendants who are entitled to summary judgment in their favor.

**B. The Defendants Complied with the Statutory Scheme Pursuant to Which Civil Service Employees Are Reported as Separated from Service on Account of Unauthorized Absence and There was No Constitutional Violation of Any Right to Due Process.**

The plaintiffs likewise are not entitled to summary judgment in their favor on their claim of a violation of due process under the constitution in connection with the termination of Mr. Patterson's employment. It remains there was no such violation.

As noted, the defendants followed the statutory scheme set out in § 38 and plaintiffs do not contend otherwise. The statutory scheme pursuant to which a civil service employee is reported as separated from service on account of unauthorized absence affords that employee notice and right to hearing and thus is not unconstitutional as violative of due process. Canney v. Municipal Court of City of Boston, 368 Mass. 648, 335 N.E.2d 651 (1975). The plaintiffs again argue that Municipal Code 2-32 somehow entitled Mr. Patterson to some other type of due process. Yet, again, that Code specifically stated that "any employee covered by the Civil Service shall be subject to Civil Service rules regarding suspension, demotion and dismissal...." Those Civil Service rules undisputedly were followed here.

The plaintiffs also argue again that Mr. Patterson was somehow entitled to something beyond this statutory scheme of G.L. c. 41, § 38 by virtue of the Civil Service statute provision at G.L. c. 31, § 43. Plaintiffs overlook the point, however, that § 38 expressly states that "[n]o person who has been reported as being on unauthorized absence under this section shall have recourse under *sections forty-one through forty-five* with respect to his separation from employment on account of such absence."

(Emphasis added).  See also Canney v. Municipal Court of Boston, 368 Mass. 648, 335 N.E.2d 651 (1975) (dismissal for "unauthorized absence" precludes appeal to Civil Service Commission or to District Court).

The undisputed facts demonstrate that the defendants complied with the state law here and that their conduct did not violate any due process rights of Mr. Patterson.  In any event, the plaintiffs' argument that the defendants somehow did not comply with the municipal code or civil service law would not otherwise rise to the level of a claim of a constitutional violation sufficient to support Count III.  The mere violation of state statutory requirements (which defendants deny even occurred here) does not offend federal constitutional due process. 18 Massachusetts Practice § 404, n.11.

The plaintiffs thus are not entitled to summary judgment in their favor on this assertion.  Again, any entry of summary judgment should be directed in favor of the defendants.
favor.

## IV. Conclusion

Based on the reasons set forth herein, this Court should deny the plaintiffs' motion for summary judgment on liability.  The defendants respectfully submit that, instead, this Court allow their cross-motion and enter summary judgment in favor of the defendants.

                    Respectfully submitted,


                    /s/ Leonard H. Kesten
                    Leonard H. Kesten, BBO# 542042
                    Deidre Brennan Regan, BBO #552432
                    BRODY, HARDOON, PERKINS & KESTEN, LLP
                    One Exeter Plaza
                    Boston, MA 02116
                    (617) 880-7100
Dated: March 9, 2005