UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 CV 12190 JLT

STEPHEN PATTERSON AND WOBURN FIRE )
FIGHTERS ASSOCIATION, LOCAL 971, I.A.F.F., )
      Plaintiffs, )
VS. )
 )
PAUL TORTOLANO, CHIEF OF THE CITY )
OF WOBURN FIRE DEPARTMENT AND )
CITY OF WOBURN, )
      Defendants. )

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION**

The defendants, Paul Tortolano, Chief of the City of Woburn Fire Department, and City of Woburn, submit this memorandum in support of their motion for reconsideration of the Court's Memorandum and Order dated March 14, 2005 to the extent it allows the plaintiff's motion for summary judgment and denies the defendants' cross-motion for summary judgment. The defendants submit that reconsideration is warranted regarding the Court's ruling with respect to "termination of the plaintiff's employment" because the plaintiff (1) was not discharged "for cause" within the meaning of the Woburn Municipal Code, as the Court indicates but, undisputedly, was on an unauthorized leave of absence with the meaning of G.L. c. 31, § 38 and (2) was afforded sufficient process with respect to separation from employment. The defendants request that, upon such reconsideration, this Court deny the plaintiff's motion for summary judgment and allow their cross-motion for summary judgment "with respect to the termination of Patterson's employment."

**I. Background.**

1

The Court is familiar with the factual background of this case. Rather than restate that background here, the defendants rely upon and incorporate by this reference the papers they submitted in opposition to the plaintiff's motion for summary judgment and in support of their cross-motion for summary judgment.

**II. Argument.**

It is undisputed that the plaintiff's physician had examined him on September 9th and cleared him for return to light duty work on that date. As indicated in the Court's memorandum, from that point on, the plaintiff was no longer entitled to injury leave benefits under G.L. c. 41, § 111F as of September 9th. The Court properly ruled that the defendants had provided sufficient process in terminating compensation there under.

Although on notice that he was not properly on "injury leave" as of September 9th, the plaintiff failed to return to work or contact the defendants. As a result, the defendants, by letter dated September 30th, informed the plaintiff that his "absence from work since September 10, 2004, is unauthorized based on your continued failure to report to work and your failure to advise me of any legitimate reason for your absence." See Exhibit 9 to Defendants' Memorandum of Law. The letter specifically referenced G.L. c. 31, § 38 (unauthorized leave of absence) and notified the plaintiff that he had a right to request a hearing "[o]therwise, you will be considered permanently and voluntarily separated from employment with the Woburn Fire Department."

Indeed, by the Court's decision and the summary judgment papers, the plaintiff's conduct fits the definition of "unauthorized absence" within the meaning of G.L. c. 31, § 38. Such absence is defined as absence from work for a period of more than fourteen days for which no notice has been given to the appointing authority by the employee or by a person authorized to do so, and which may not be charged to

2

vacation or sick leave, or for which no leave was granted. Under § 38, it is the *employee* who is required to contact the employer, not vice versa. Neither the Fire Department nor the City was required to contact the plaintiff regarding his absence, as the Court's decision suggests at p. 7.

The Court's decision warrants reconsideration because it overlooks the fact that defendants expressly were acting pursuant to § 38 and, instead, appears to rest on the basis that the defendants dismissed the plaintiff for "inexcusable absence without leave" under section 2-32 of the Woburn Municipal Code, which was not the case. There is an important and "marked" difference between such dismissal and a action pursuant to an unauthorized absence without leave statute, as noted in a case cited by the Court at page 8 of its memorandum, Coleman v. Department of Personnel Adminis., 805 P.2d 300, 310-11 (Cal. 1991) (dismissal for "inexcusable absence without leave" differs from voluntary separation or constructive resignation from state employment under a statute). This distinction impacts the process due. Id. at 310 ("These marked differences between resignation under the [absent without leave] statute and a disciplinary discharge militate against imposing identical procedural protection in each instance.") Thus, contrary to the Court's decision, p. 7, the action taken with respect to the plaintiff pursuant to § 38 *was* different than a "for cause" discharge and reconsideration of the decision resting on the faulty "for cause" basis is warranted.

As the Court properly acknowledged, state law governs the creation of any property interests. Memorandum, p. 6. Where government or public employment is concerned, the touchstone is the terms of employment read in light of state law. See generally Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Where state law withholds entitlement to employment, the employee cannot acquire a property interest in employment sufficient to involve Fourteenth Amendment due process protection. Id. at

3

569-570 (due process clause protects only those interests which are encompassed in Fourteenth Amendment's protection of liberty and property). Where a state can create a property interest subject to due process protection by creating entitlements, it can, by design, also deny entitlements to prevent accrual of protected property interests, Comment, 77 Wis. L. R. 575 at 584-85 (1977), or to address a lapse thereof. As the Supreme Court has observed, "just as a State may create a property interest that is entitled to constitutional protection, the State has the power to condition the permanent retention of that property right on the performance of reasonable conditions that indicate a present intention to retain the interest." Texaco Inc. v. Short, 454 U.S. 516, 526 (1982). Indeed, in Massachusetts, "[i]t is well settled that, where an office is created by the Legislature and not by the Constitution, '(i)t may be regulated, limited, enlarged or terminated by law, as public exigency or policy may require.'" McCarthy v. Sheriff of Suffolk County, 366 Mass. 779, 782 (1975). A public employee like the plaintiff is required by state law to perform reasonable conditions that indicate a present intention to retain their employment, otherwise they can be considered as having voluntarily separated themselves from such employ. It would appear that, in the absence of performing such conditions, the public employee may well no longer retain a property interest in employment sufficient to involve Fourteenth Amendment due process protection. Such is the case here with G.L. c. 31, § 38. The plaintiff did not perform the reasonable conditions imposed by the state therein to indicate a present intention to retain his employment. He thus no longer retained a property interest sufficient to involve Fourteenth Amendment due process protection. The defendants, in the meantime, fulfilled the conditions imposed on them under § 38. See Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of their Cross-Motion.

4

In this respect, even if due process protections were involved, such protections were afforded here by virtue of the defendants' compliance with the statute. The Coleman case cited in the Court's decision, like the case here, also involved a termination of a state employee under that state's absence without leave statute. That Court stated that due process required "notice and an opportunity for a prompt response before the resignation goes into effect." Coleman, supra at 311-12. "Once the State has provided notice and an opportunity to respond, neither the federal nor the state Constitution requires anything more." Id. at 312. See also Loudermill, 470 U.S. at 546. Notably, the Coleman statute did not prescribe any procedures that the state had to follow before it could consider an employee as separated from employment.

In contrast, § 38 does have such a procedure and, as noted, it was followed here. The defendants' September 30th letter provided the plaintiff with notice and an opportunity to respond. That letter expressly notified the plaintiff that he was considered as being on an "unauthorized absence." It informed him that he could request a hearing "[o]therwise, you will be considered permanently and voluntarily separated from employment....". Thus, the letter clearly indicated that the action under § 38 would be considered "final" only if and when the stated time had lapsed with no request for a hearing. In this case, the plaintiff indeed made such request and, indeed, he ultimately was not permanently separated from his employment.

Thus, contrary to the Court's decision otherwise, the defendants did provide the plaintiff with notice and an opportunity to respond before any decision regarding his separation from employment became final. Importantly, such provisions for public employees who are absent without leave for a specified period of time have been held not to violate due process, and such was the case here. See Defendants' Memorandum, p. 12.

5

## Conclusion.

In light of the foregoing, the defendants' request reconsideration of the decision to the extent it allowed the plaintiff's motion for summary judgment and denial of defendants' cross-motion with respect to the issue of the plaintiff's employment. The defendants submit that they are entitled to summary judgment in their favor on this count as a matter of law because the undisputed material facts show that, to the extent even implicated in the first instance, they did not violate Mr. Patterson's due process rights under the Fourteenth Amendment with respect to separation from employment.

Respectfully submitted,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deidre Brennan Regan, BBO# 552432
BRODY, HARDOON, PERKINS &
    KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: July 12, 2005