UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04 CV 12190 JLT

_____
                                                          )
STEPHEN PATTERSON and WOBURN          )
FIRE FIGHTERS ASSOCIATION,                      )
LOCAL 971, I.A.F.F.,                                       )
    Plaintiffs,                                                 )
                                                          )
v.                                                        )
                                                          )
PAUL TORTOLANO, CHIEF OF THE CITY OF )
WOBURN FIRE DEPARTMENT and CITY OF )
WOBURN,                                                   )
    Defendants.                                             )
_____)

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

**Introduction**

Almost four months after this Court's March 14, 2005 Memorandum and Order granting Plaintiffs' Motion for Summary Judgment on Liability with respect to the termination of Plaintiff Stephen Patterson's employment, Defendants now present the Court with a motion for reconsideration challenging the aforementioned decision. As set forth below, Defendants' motion should be denied because it is untimely. In addition, Defendants' motion should be denied because it represents nothing more than a rehashing of the same arguments set forth in Defendants' opposition to Plaintiffs' motion for summary judgment and which this Court reviewed and rejected in its Memorandum and Order. Defendants offer no factual or legal reason for overturning this Court's original decision and, accordingly, Defendants' Motion for Reconsideration should be denied.

Fed. R. Civ. P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." On March 15, 2005, this Court entered its Order allowing Plaintiffs' Motion for Summary Judgment on Liability with respect to the termination of Patterson's employment.

Defendants' motion should be denied for the procedural grounds that it is untimely. First, Defendants' motion comes almost four months after the Court's Memorandum and Order that it challenges. Defendants offer no reason for this delay. Indeed, they do not even ask this Court for permission to file the motion late.

In addition, Defendants failed to file the instant motion prior to the original trial date set by this Court for June 27, 2005. Instead, Defendants waited until that trial date had been postponed by the Court and filed the instant motion thereafter. Indeed, if the trial date had actually gone forward on the day scheduled, Defendants would be submitting the instant motion after the jury's ruling on damages. For all of the reasons, this Court should deny Defendants' motion as untimely.

Defendants claim that this Court erred in finding that Plaintiff Patterson had a right to due process pursuant to the City's Municipal Code. Instead, Defendants claim that this Court should simply ignore the existence of this Code and, specifically, Section 2-32, which provides that the City must have just cause to dismiss an employee, including for an "inexcusable absence without leave." They want this Court to simply ignore the fact that the Code provides for notice and hearing prior to such a termination.

Defendants claim that this Court should only focus on the statute Defendants cited in terminating Patterson, M.G.L. c. 31, Section 38. As they argued in their opposition, Defendants claim that the procedural rights under Section 38, which do not include a pre-termination notice

and hearing, should govern. However, Defendants' argument is no more persuasive the second time around and Defendants offer no legal authority or factual basis to question this Court's ruling. As the Court correctly found, Plaintiff has a property interest in his job pursuant to the aforementioned section of the City's Municipal Code. Decision, p. 5, citing *Bd. Of Regents v. Roth*, 408 U.S. 564, 577 (1972) and *Whalen v. Mass. Trial Ct.*, 397 F.3d 19, 24 (1st Cir. 2005).

Defendants offer no case law to contradict these decisions. Instead, they cite *Roth* and a series of other cases for the general proposition that "where state law withholds entitlement to employment, the employee cannot acquire a property interest in employment sufficient to involve Fourteenth Amendment due process protection." Defendants' Motion, p. 3. Defendants' argument ignores the fact that Patterson's property interest is not a creature of state law. Rather, it is a created by the City's Municipal Code. And Defendants cite to no case law holding that the protections afforded by the Massachusetts Civil Service statute cannot be expanded by municipal law, as is clearly the case here.

As this Court correctly found, Defendants offer no evidence of Patterson's intent to resign from his employment. Decision, p. 7. Defendants do not offer any evidence to change this conclusion. Instead, they back away from their original assertion that Patterson voluntarily resigned and instead, offer an exercise in semantic juggling, claiming that Patterson was on an "unauthorized absence without leave," pursuant to M.G.L. c. 31, §38, rather than an "inexcusable absence without leave," pursuant to the Woburn Municipal Code However, Defendants do not offer any case law to help this Court wind through Defendants' parsing, offering instead the case of *Coleman v. Department of Personnel Administration*, which turns on the difference between a dismissal for "inexcusable absence without leave" and a voluntary separation or constructive resignation; a distinction that is not at issue in this case. Again, Defendants do not offer any

3

evidence in the record suggesting that Patterson either voluntarily separated his employment or constructively resigned.

Having started on this flight of semantic fancy, Defendants lastly argue that Patterson's employment was not really terminated on September 30, 2004, despite all evidence, including Defendants' earlier admissions, to the contrary.  When Defendants' opposed Plaintiffs' motion for summary judgment, they admitted that Plaintiff to have "abandoned" his position as of September 30, 2004. See, Defendants' Statement of Facts, ¶¶ 21, 42.  As this Court observed in its Memorandum, Defendants did not contest the fact that Patterson's employment was terminated without any notice or opportunity to be heard.  They only argued that neither notice nor opportunity to be heard was required under M.G.L. c. 31, Section 38.  See, Defendants' Opposition, pp. 10-12.  Now, Defendants apparently have had a change of heart, claiming that the September 30, 2004 letter only notified Patterson that he was on an "unauthorized absence" rather than notifying him that his employment had ended.  Of course, even if the Court allows Defendants to perform this about face, the facts speak for themselves.  First, however much Defendants may try to selectively quote from their September 30, 2004 letter, the letter speaks for itself.  It sets forth that "in accordance with M.G.L. c. 31, §38, please be advised that *you are considered to have permanently and voluntarily separated yourself from employment* with the City of Woburn Fire Department . . . ." (Emphasis supplied).  It continues by stating that Patterson can request a subsequent hearing "to determine if there is any basis for your *restoration of employment with the City of Woburn Fire Department.*" (Emphasis supplied).  Clearly, the hearing comes after, not before, the separation from employment.  Finally, Defendants' claim ignores the fact that they admitted that Patterson was "reinstated" to his employment after his post-termination hearing.  In sum, despite Defendants' wordplay, the letter

4

speaks for itself; the Department considered Patterson separated from his employment and any subsequent hearing could result in a restoration of his employment. Clearly, the right to notice and a hearing *before separation from employment* was not provided.

## CONCLUSION

Based on the reasons set forth herein, this Court should deny Defendants' untimely and meritless motion for reconsideration.

Respectfully submitted,

STEPHEN PATTERSON and WOBURN
FIRE FIGHTERS ASSOCIATION,
LOCAL 971, I.A.F.F.,
By their attorneys,

Dated: July 20, 2005

 s/Terence E. Coles
Terence E. Coles, BBO #600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

5