UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STEPHEN PATTERSON and WOBURN        )
FIRE FIGHTERS ASSOCIATION,          )    Civil Action No:
LOCAL 971, I.A.F.F.,                )    04-CV-12190 JLT
     Plaintiffs,                    )
                                    )
v.                                  )
                                    )
PAUL TORTOLANO, CHIEF OF THE CITY OF )
WOBURN FIRE DEPARTMENT and CITY OF  )
WOBURN,                             )
     Defendants.                    )
_____ )

## JOINT PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.5, Plaintiffs, Stephen Patterson ("Patterson") and Woburn Fire Fighters Association, Local 971, IAFF (the "Union"), and Defendants, Paul Tortolano, Chief of the City of Woburn Fire Department ("Chief Tortolano") and the City of Woburn ("City") submit the following joint pretrial memorandum.

(1)   Concise summary of the evidence to be offered by the parties:

(a) By Plaintiffs:

As set forth in this Court's March 5, 2004 Decision, the undisputed material facts set forth in the parties' summary judgment papers demonstrate that Firefighter Patterson was denied a notice and hearing prior to his termination on September 25, 2004. Plaintiffs will offer evidence concerning the emotional distress suffered by Patterson as a result of Defendants' unlawful termination of his employment. Specifically, Patterson will testify that he suffered significant emotional distress as a result of being terminated, including, but not limited to: insomnia, depression, agitation, and restlessness. In part,

this emotional distress stemmed from the fact that Patterson had worked as a fire fighter for the City's Fire Department for almost his entire adulthood. In addition, Defendants terminated Patterson's employment at the very time he was only cleared to return to light duty desk-related work. As a result, because almost all of his entire working career has been devoted to working as a fire fighter, he was left without his job as a fire fighter and without any ability to secure alternative employment. The fact that Patterson was effectively left without any way to meet his numerous ongoing financial obligations further added to the significant emotional distress he suffered as a result of Defendants' unlawful action.

(b)     By Defendants:

The plaintiff, a firefighter, had complained of an aggravation to preexisting injuries and was placed on leave from full duty in April 2003 and remained on leave until July 2004. The defendants received notice that the plaintiff was able to return to a limited duty position as of July 2004. The plaintiff returned to work in a light duty position in July 2004. The Plaintiff then took vacation leave beginning on August 2, 2004. While the plaintiff was out on vacation, he began to submit requests for sick leave on or about August 6, 2004. On August 16, 2004 the City received a request that the plaintiff be placed on full-injured status retroactive to the beginning of his vacation. That request was denied and he was placed on injured status effective August 18, 2004. The Plaintiff received injury leave benefits from August 18, 2004 until September 25, 2004. The City learned in late August 2004 that the plaintiff had a follow-up appointment with his physician on or about September 9, 2004 and that his physician had been on vacation at the time of the August 16th request for leave.

The plaintiff's physician examined him on September 9th and cleared him for return to light duty work on that date. The plaintiff had an obligation to report to duty and/or communicate his condition to the defendants but failed to do so. Some time later, the defendants learned that the plaintiff had been cleared to come back to work on September 9 but had not returned to work. Accordingly, on September 30, 2004 the defendants notified the plaintiff that they believed that he had abandoned his job and that he had a right to a hearing to challenge that determination. A hearing was conducted on October 18, 2004, at which time the plaintiff set forth an explanation as to why he had not returned to work. Subsequently, he was restored to his employment.

(2)    Facts Established By the Pleadings or By Stipulations Or Admissions Of Counsel:

The parties submit that the undisputed material facts relating to Patterson's unlawful termination, as set forth in the parties' earlier summary judgment pleadings and as set forth in this Court's March 14, 2005 Decision, should be accepted and considered by this Court in Plaintiff's trial relating to damages.

The facts relating to the period of Patterson's termination are as follows:

a.    Patterson received notice of his termination on September 30, 2004. See, Letter from Chief Tortolano to Patterson, dated September 30, 2004.

b.    On October 5, 2004, Patterson notified Chief Tortolano that he wanted a post-termination hearing. See, letter from Patterson to Chief Tortolano, dated October 5, 2004.

c.    Patterson's post-termination hearing was held on October 18, 2004, before Chief Tortolano, in his capacity as Appointing Authority.

3

  d. Defendants reinstated Patterson to his position as a fire fighter effective November 1, 2004.

  e. The Parties agree that Patterson is owed unpaid compensation for the period from his termination, effective September 25, 2004 until his reinstatement on November 1, 2004: a sum totaling $7,269.50.

(3) Contested Issues of Fact:

The parties contest whether Patterson suffered emotional distress as a result of his unlawful termination and the amount he should be compensated for his alleged emotional distress.

(4) Jurisdictional questions: none.

(5) Questions raised by pending motions: none.

(6) Issues of Law: none.

(7) Requested amendments to the pleadings: none.

(8) Any additional matters to aid in the disposition of the action: none.

(9) Probable length of trial: 1/2 day.

(10) List of witness' names to be called:

  For Plaintiffs:

  Stephen Patterson

  Brandey Daniels

  For Defendants:

  Nicholas Anastasopoulos

(11) Proposed exhibits:

  Plaintiffs:

4

    A.    September 30, 2004 letter from Chief Paul Tortolano to Fire Fighter Stephen Patterson

    B.    October 5, 2004 letter from Stephen Patterson to Chief Paul Tortolano.

    C.    October 29, 2004 letter from Chief Paul Tortolano to Firefighter Stephen Patterson.

Defendants:

(12)    Motions in Limine:

None.

                      Respectfully submitted,

| Plaintiffs, | Defendant, |
|---|---|
| STEPHEN PATTERSON, et al. | PAUL TORTOLANO, et al., |
| By their counsel, | By their counsel, |
| s/Terence E. Coles | s/Leonard H. Kesten |
| Terence E. Coles, BBO #600084 | Leonard H. Kesten, BBO #542042 |
| Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. | Brody, Hardoon Perkins & Kesten, LLP One Exeter Plaza |
| 18 Tremont St., Ste. 500 | Boston, MA 02116 |
| Boston, MA 02108 | (617) 880-7100 |
| (617) 367-7200 | |

Dated: August 9, 2005

5