UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                              )
STEPHEN PATTERSON and WOBURN                  )
FIRE FIGHTERS ASSOCIATION,                    )    Civil Action No:
LOCAL 971, I.A.F.F.,                          )    04-CV-12190 JLT
        Plaintiffs,                           )
                                              )
                                              )
v.                                            )
                                              )
PAUL TORTOLANO, CHIEF OF THE CITY OF          )
WOBURN FIRE DEPARTMENT and CITY OF            )
WOBURN,                                       )
        Defendants.                           )
                                              )
```

FILED
IN CLERK'S OFFICE

2006 JAN -5 A 9: 13

DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND PREJUDGMENT INTEREST

Plaintiffs hereby respectfully move that this Court award them reasonable attorneys' fees, costs, and prejudgment interest in the above-captioned matter.[1] In support thereof, Plaintiffs state as follows:

1.   On March 14, 2005, this Court found that Defendants had failed to provide Plaintiff, Stephen Patterson, a firefighter with the City of Woburn, with pre-deprivation process before terminating him, thereby violating Patterson's Fourteenth Amendment right to due process of law. The Court granted Plaintiff's Motion for Summary Judgment on Liability with respect to the termination of Patterson's employment. Following a trial on damages, held on November 22, 2005, the Court ordered Defendants to pay Patterson his lost pay, in the amount of $7,269.50 and emotional distress damages in the amount of $25,000.00.

---

[1] In an attempt to resolve this post-trial matter without intervention from the Court, on December 1, 2005, Plaintiffs' counsel sent the attached spreadsheet of attorney's fees and costs (excluding the fees associated with preparing the instant motion) on Defendant's counsel. Defendant's counsel never responded to Plaintiffs' counsel's letter or his three subsequent telephone calls, thereby necessitating the instant motion. See, Exhibit A, Affidavit of Terence E. Coles, ¶10; Exhibit D. In the interest of not expending unnecessary time briefing issues that may not be in dispute, Plaintiff's counsel has kept this motion very brief. Plaintiffs will supplement this motion with further briefing on any issues that may become the subject of dispute or on any issues for which the Court desires additional briefing.

2.  42 U.S.C. §1988 expressly provides for the awarding of attorney's fees to the prevailing party in an action to enforce the provisions of 42 U.S.C. §1983.

3.  Attached hereto as Exhibit B are contemporaneous billing records for Plaintiff's counsel. Plaintiffs seek attorneys' fees at the rate of $275 per hour for Terence E. Coles (for approximately 111 hours of work). In addition, Plaintiffs seek fees for several other attorneys in counsel's office who provided assistance on the case, as reflected in the billing records.[2] Plaintiffs currently estimate that these attorneys' fees total approximately $40,297.50.[3] Attached hereto as Exhibit A is the affidavit of Terence E. Coles in support of Plaintiffs' request for attorneys' fees and costs.

4.  Plaintiffs' respectfully requests that this Court apply a lodestar multiplier to the amount of attorneys' fees to be awarded. An upward adjustment to the lodestar may be appropriate in cases that have significance to a wider class of persons than the plaintiff and concern a novel and difficult legal questions.[4] As this Court is aware, this case had a far-reaching impact beyond the plaintiffs in this matter, as it concerns the due process rights of public employees covered by the Commonwealth of Massachusetts' civil service statutes. In particular, it concerns the right of civil

---

[2]  Plaintiffs seek fees for the time of these attorneys at the following rates: Betsy L. Ehrenberg (a partner in the firm) at $275.00 per hour (for 0.6) hours of work, Leah M. Barrault (an associate who assisted with the preparation of Plaintiff's motion for preliminary injunctive relief and represented the plaintiff at his *post-deprivation* hearing before the City which resulted in his reinstatement) at $225.00 per hour (for approximately 12 hours) and David Conforto (an associate who assisted in the preparation of plaintiff's motion for summary judgment and the trial on Plaintiff's emotional distress) at $225.00 per hour (for approximately 18.60 hours).

[3]  This total is not final, as it does not include hours for work performed subsequent to the filing of this motion (which have not yet been entered into the firm's billing system). Plaintiff will submit a final tally with these hours included later, at the direction of the Court. Under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney's fees may "provide a fair estimate of the amount sought."

[4]  In calculating an attorney's fee award 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney(s) due to acceptance of the case; 5) the customary fee; 6) the nature of the fee (fixed or contingent); 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney(s); 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) the size of awards in similar cases. *Coutin v. Young & Rubicam Puerto Rico, Inc.* 124 F.3d 331, 337-338, n. 3 (1st Cir. 1997).

service-covered public employees to a pre-deprivation hearing even in cases where their employment is terminated for alleged job abandonment pursuant to M.G.L. c. 31, §38.

5.    Attached hereto as Exhibit C are records for the costs expended by Plaintiffs in this litigation.  Plaintiffs seek reimbursement for these costs, which currently total $389.21.

6.    Finally, Plaintiffs request that prejudgment interest be entered in the final judgment at the federal rate from the date this case was first filed in court, October 19, 2004, until the date judgment is entered.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order of judgment ordering Defendants to pay Plaintiffs' attorney's fees, enhanced by a lodestar multiplier; Plaintiffs' costs; and prejudgment interest at the federal rate from the date of filing of this action, October 19, 2004, until the date judgment is entered.

Respectfully submitted,

STEPHEN PATTERSON and WOBURN
FIREFIGHTERS ASSOCIATION, LOCAL 971,
I.A.F.F.,
By their attorneys,

Dated: January 4, 2006

Terence E. Coles, BBO #600084
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF CONFERENCE

Plaintiffs counsel, Terence E. Coles, Esquire, hereby certifies that, as set forth in footnote 1, above, and the attached affidavit, he made numerous attempts in December, 2005 and early January, 2006, by letter and by telephone, to confer with Defendant's counsel concerning the issues raised in the instant motion in an attempt in good faith the resolve and narrow the issues presented in this motion. To date, Defendants' counsel has not responded.

Terence E. Coles

## CERTIFICATE OF SERVICE

This is to certify that on January 5, 2006, a copy of the foregoing document was served by hand delivery on Defendants' counsel.

Terence E. Coles, Esq.